## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF IOWA
## CENTRAL DIVISION

| | |
|---|---|
| Northern Natural Gas Company,<br><br>      Plaintiff,<br><br>v.<br><br>Approximately 1,303.8 acres, located in Dallas County, Iowa, and as further described herein.<br><br>**Parcel No. 0934200007** containing 16.50 acres more or less, located in Dallas County, Iowa, and as further described herein.<br><br>    Benjamin Lee & Jean Ann Lounsbury<br>    1625 S Willow Drive<br>    West Des Moines, IA  50266<br><br>**Parcel No. 0935100013** containing 9.54 acres more or less, located in Dallas County, Iowa, and as further described herein.<br><br>    Benjamin Lee & Jean Ann Lounsbury<br>    1625 S Willow Drive<br>    West Des Moines, IA  50266<br><br>**Parcel No. 0934200008** containing 40.00 acres more or less, located in Dallas County, Iowa, and as further described herein.<br><br>    Benjamin Lounsbury<br>    1625 S Willow Drive<br>    West Des Moines, IA 50266<br><br>**Parcel No. 0936200003** containing 39.00 acres more or less, located in Dallas County, Iowa, and as further described herein.<br><br>    Big Run Farms, L.L.C.<br>    10401 S Kedzie Avenue<br>    Chicago, IL  60655<br><br>    Farm Credit Services of America, FLCA | **Case No.**<br><br><br><br>**COMPLAINT** |

1

 105 Theater Circle
 Perry, IA 50220

**Parcel No. 0629300001** containing 19.50 acres more or less, located in Dallas County, Iowa, and as further described herein.

 Billy D & Janis M Reves
 1614 S 17th Street
 Rogers, AR 72758

**Parcel No. 1019300006** containing 6.00 acres more or less, located in Dallas County, Iowa, and as further described herein.

 Bonnie K. Nelsen Trust
 32078 Panther Creek Road
 Adel, IA 50003

**Parcel No. 1019400003** containing 5.79 acres more or less, located in Dallas County, Iowa, and as further described herein.

 Bonnie K Nelsen Trust
 32078 Panther Creek Road
 Adel, IA 50003

**Parcel No. 0525300006** containing 23.74 acres more or less, located in Dallas County, Iowa, and as further described herein.

 Michael C. Downey Revocable Trust
 318 Light Rd.
 Mt. Vernon, IA 52314

 Estate of Cornelius F. Downey, Jr.
 Nancy E. Downey (Executrix)
 540 W. Penn Ave.
 Roseville, IL 61473

 C.F. Downey Jr. Trust
 PO Box 146
 Ogden, IA 50212

**Parcel No. 0526400006** containing 29.71 acres more or less, located in Dallas County, Iowa, and as further described herein.

>Michael C. Downey Revocable Trust
>318 Light Rd.
>Mt. Vernon, IA  52314
>
>Estate of Cornelius F. Downey, Jr.
>Nancy E. Downey (Executrix)
>540 W. Penn Ave.
>Roseville, IL  61473
>
>C.F. Downey Jr. Trust
>PO Box 146
>Ogden, IA  50212

**Parcel No. 0526400005** containing 129.61 acres more or less, located in Dallas County, Iowa, and as further described herein.

>Christopher G. Downey
>PO Box 146
>Ogden, IA  50212
>
>James L. Cox
>2250 N. Demaret Dr.
>Mesa, AZ  85215

**Parcel No. 0535200003** containing 40.00 acres more or less, located in Dallas County, Iowa, and as further described herein.

>David H Andrews, John R. Andrews, Diana K. Shehan & Susan M. Unger
>1302 Noble Lynx Drive
>Boone IA  50036
>
>David H Andrews, John R. Andrews, Diana K. Shehan & Susan M. Unger
>18259 210th St.
>Minburn, IA 50167

**Parcel No. 0535200004** containing 39.00 acres more or less, located in Dallas County, Iowa, and as further described herein.

3

> David H Andrews, John R. Andrews, Diana K. Shehan & Susan M. Unger
> 1302 Noble Lynx Drive
> Boone IA  50036
>
> David H Andrews, John R. Andrews, Diana K. Shehan & Susan M. Unger
> 18259 210th St.
> Minburn, IA 50167

**Parcel No. 0535200006** containing 33.00 acres more or less, located in Dallas County, Iowa, and as further described herein.

> David H Andrews, John R. Andrews, Diana K. Shehan & Susan M. Unger
> 1302 Noble Lynx Drive
> Boone IA  50036
>
> David H Andrews, John R. Andrews, Diana K. Shehan & Susan M. Unger
> 18259 210th St.
> Minburn, IA 50167

**Parcel No. 0535200007** containing 30.51 acres more or less, located in Dallas County, Iowa, and as further described herein.

> David H Andrews, John R. Andrews, Diana K. Shehan & Susan M. Unger
> 1302 Noble Lynx Drive
> Boone IA  50036
>
> David H Andrews, John R. Andrews, Diana K. Shehan & Susan M. Unger
> 18259 210th St.
> Minburn, IA 50167

**Parcel No. 0535300008** containing 79.55 acres more or less, located in Dallas County, Iowa, and as further described herein.

> Diana & Tim Shehan
> 1302 Noble Lynx Drive
> Boone IA  50036

    Farm Credit Services of America, FLCA
    105 Theater Circle
    Perry, IA 50220

**Parcel No. 0535200005** containing 15.75 acres more or less, located in Dallas County, Iowa, and as further described herein.

    Donald D & Veronica Hullinger
    23015 F Avenue
    Linden, IA  50146

    Mortgage Electronic Registration Systems, Inc. MERS is a separate corporation that is acting solely as a nominee for Gershman Investment Corp. D/B/A Gershman Mortgage
    16253 Swingley Ridge Road, Suite 400,
    Chesterfield, MO 63017

**Parcel No. 1019200001** containing 39.50 acres more or less, located in Dallas County, Iowa, and as further described herein.

    Donnie J & Connie K Merkey
    27848 K Avenue
    Adel, IA 50003

**Parcel No. 1019200002** containing 39.50 acres more or less, located in Dallas County, Iowa, and as further described herein.

    Donnie J & Connie K Merkey
    27848 K Avenue
    Adel, IA 50003

**Parcel No. 1019200003** containing 39.00 acres more or less, located in Dallas County, Iowa, and as further described herein.

    Donnie J & Connie K Merkey
    27848 K Avenue
    Adel, IA 50003

**Parcel No. 1019200004** containing 40.00 acres more or less, located in Dallas County, Iowa, and as further described herein.

 Donnie J & Connie K Merkey
 27848 K Avenue
 Adel, IA 50003

**Parcel No. 0921400003** containing 36.38 acres more or less, located in Dallas County, Iowa, and as further described herein.

 Hartrick-Forbes Farms LLC
 1220 Surrey Lane
 Algonquin, IL  60102

**Parcel No. 0922100001** containing 37.50 acres more or less, located in Dallas County, Iowa, and as further described herein.

 Maria Jane Whetsler
 100 S 3rd Street
 Mt. Pleasant, IA  52641

**Parcel No. 0922100002** containing 37.75 acres more or less, located in Dallas County, Iowa, and as further described herein.

 Maria Jane Whetsler
 100 S 3rd Street
 Mt. Pleasant, IA  52641

**Parcel No. 0922100003** containing 38.75 acres more or less, located in Dallas County, Iowa, and as further described herein.

 Maria Jane Whetsler
 100 S 3rd Street
 Mt. Pleasant, IA  52641

**Parcel No. 0922100004** containing 39.00 acres more or less, located in Dallas County, Iowa, and as further described herein.

 Maria Jane Whetsler
 100 S 3rd Street

    Mt. Pleasant, IA  52641

**Parcel No. 0922300001** containing 38.50 acres more or less, located in Dallas County, Iowa, and as further described herein.

    Maria Jane Whetsler
    100 S 3rd Street
    Mt. Pleasant, IA  52641

**Parcel No. 0535300006** containing 10.63 acres more or less, located in Dallas County, Iowa, and as further described herein.

    Nancy A Hackbart
    1409 Ann
    Adel, IA 50003

**Parcel No. 0936200007** containing 29.19 acres more or less, located in Dallas County, Iowa, and as further described herein.

    The Rainey Ranch, LLC
    28404 Stump Hollow Circle
    Adel, IA 50003

    Lincoln Savings Bank
    360 Westfield Ave, Suite 6, Waterloo, IA 50701

**Parcel No. 0534400004** containing 37.50 acres more or less, located in Dallas County, Iowa, and as further described herein.

    Dennis D. & Shirley A Perrigo
    23234 D Avenue
    Linden, IA  50146

**Parcel No. 0936200008** containing 49.92 acres more or less, located in Dallas County, Iowa, and as further described herein.

    Steven W & Denise D Cochran
    30536 I Ave
    Adel, IA  50003

**Parcel No. 0535300007** containing 68.47 acres more or less, located in Dallas County, Iowa, and as further described herein.

>Susan K Andrews
>2402 Parkview Pl
>Perry, IA  50220
>
>Farm Credit Services of America, FLCA
>105 Theater Circle
>Perry, IA 50220

**Parcel No. 0630400004** containing 39.00 acres more or less, located in Dallas County, Iowa, and as further described herein.

>Susan K Andrews
>2402 Parkview Pl
>Perry, IA  50220

**Parcel No. 0910300001** containing 38.00 acres more or less, located in Dallas County, Iowa, and as further described herein.

>Wrigley Revocable Living Trust
>1141 Paiute Road H14
>Evergreen, CO  80439

**Parcel No. 0910300003** containing 39.00 acres more or less, located in Dallas County, Iowa, and as further described herein.

>Wrigley Revocable Living Trust
>1141 Paiute Road, H14
>Evergreen, CO  80439

**Parcel No. 0915100001** containing 39.00 acres more or less, located in Dallas County, Iowa, and as further described herein.

>Wrigley Revocable Living Trust
>1141 Paiute Road. H14
>Evergreen, CO  80439

**Parcel No. 0915100002** containing 20.00 acres more or less, located in Dallas County, Iowa, and as further described herein.

> Wrigley Revocable Living Trust
> 1141 Paiute Road, H14
> Evergreen, CO  80439

    Defendants.

COMES NOW, Plaintiff Northern Natural Gas Company ("Northern"), and for its Complaint against the above-named Defendants states as follows:

## JURSIDICTION AND AUTHORITY FOR TAKING

1. Northern is a natural gas company as defined by the Natural Gas Act ("NGA"), 15 U.S.C. § 717.

2. Northern is a Delaware corporation engaged in the business of transportation of natural gas in interstate commerce, that maintains its principal place of business at 1111 South 103rd Street, Omaha, Nebraska 68124-1000. Northern is authorized to conduct the above activities and to do business in the State of Iowa. Northern is the owner and operator of an underground natural gas storage facility in Dallas County, Iowa ("Redfield Storage Facility" or the "Field").

3. On March 24, 2022, the Federal Energy Regulatory Commission (the "Commission"), in an "Order Issuing Certificate and Stay" ("2022 Certificate Order"), issued Northern a Certificate of Public Convenience and Necessity authorizing Northern to expand the certificated boundaries of the Field to include a protective buffer boundary for the Field ("the Buffer Zone"). ¶ 36.

4. As authorized by the 2022 Certificate Order, the Buffer Zone (1) establishes a horizontal protective buffer zone around the Field; (2) includes five vertical buffer zones within the

Field; and (3) adds the Lower Eau Claire formation as part of the certificated and geologically continuous Mt. Simon reservoir within the Field. *See* 2022 Certificate Order ¶ 1. A true and correct copy of the 2022 Certificate Order is attached hereto as **Exhibit A**. The Buffer Zone expands previous certificated storage field boundaries by approximately one-half mile around the mapped gas extent consisting of approximately 4,847 acres.

5. This is a civil proceeding brought for the taking of rights, interests, and/or property under the power of eminent domain, and for the determination and award of just compensation to the owners and parties of interest.

6. The authority for Northern's exercise of the right of eminent domain is 15 U.S.C § 717f(h), which grants federal jurisdiction, and the 2022 Certificate Order, which was a prerequisite to this action.

7. Upon information and belief, the amount claimed by the owners and parties of interest for the property, rights and/or interests to be condemned exceeds $3,000.00.

8. Northern has made bona fide good faith efforts to obtain the appropriate property, interests, and rights to be condemned within the Buffer Zone. As a part of its bona fide good faith efforts, Northern sought to reach agreement concerning compensation and damages (if any) with all owners (known to Northern through a reasonable and diligent search of the public records) who have or claim to have interests within the Buffer Zone.

9. On or about January 25, 2023, Northern issued written offers to each interested owner within the Buffer Zone. Thereafter, Northern was able to acquire some of the rights, interests, and property within the Buffer Zone Project as identified on **Exhibit B**, attached hereto. However, despite its bona fide good faith efforts, Northern failed to reach agreement with the Defendants herein regarding the compensation to be allowed and paid

4879-7516-4508.4

for the acquisition of the applicable rights, interests, and property which is identified on **Exhibit C** hereto and depicted in the maps/schematics attached as **Exhibit D**.

10. Northern has undertaken and completed all steps required by law to initiate these proceedings, including but not limited to, those steps and proceedings set forth in 15 U.S.C. § 717f(h) and Federal Rule of Civil Procedure 71.1.

11. Accordingly, this Court has jurisdiction under 15 U.S.C. § 717f(h) and venue in this Court is appropriate under 28 U.S.C. § 1391 (a) and (b).

## BACKGROUND

12. On January 13, 2021, Northern filed an Application with the Commission pursuant to Section 7 of the NGA and Part 157 of the Commission's Regulations. In the Application, Northern requested authorization from the Commission to: (1) expand the existing certificated geographic and geologic boundaries to establish a buffer zone around the Field; (2) designate five geological formations as gas-containing vertical buffer zones; and (3) to recognize the inclusion of the Lower Eau Claire formation into the geologically continuous Mt. Simon A zone of the Mt. Simon gas storage reservoir, all at the Redfield Storage Facility located in Dallas County, Iowa.

13. All Defendants herein received notice of Northern's Application and were thus provided the opportunity to respond to or otherwise contest Northern's Application with the Commission.

14. On March 24, 2022, the Commissioner issued 2022 Certificate Order, in which a certificate of public convenience and necessity was issued to Northern authorizing the Buffer Zone. *See* **Exhibit A**, ¶ 38(A).

15. The Commission ordered that "[t]he certificate authority issued in Ordering Paragraph (A) is stayed during the 30-day rehearing period and pending Commission resolution of any timely requests for rehearing filed by landowners, up until 90 days following the date that a request for rehearing may be deemed to have been denied under NGA section 19(a). If no request for rehearing is filed by landowners, the stay will automatically lift following the close of the 30-day period for seeking rehearing." *Id*. at ¶ 38(B).

16. There was one request for a rehearing. However, Northern reached an agreement with the landowner, who entered into a lease agreement with Northern and withdrew the request for rehearing. Northern is not aware of any other requests for rehearing filed by landowners.

## COUNT I

### EXERCISE OF EMINENT DOMAIN UNDER NATURAL GAS ACT

17. Northern incorporates by reference paragraphs 1 through 16 set forth above.

### A.  DESCRIPTION OF PROPERTY TO BE TAKEN

18. The property, interests, and rights to be taken through these proceedings in condemnation are the property, interests, and rights **described herein as the Interest to be Taken located on the property** identified on **Exhibit C**, attached hereto, and as more fully described in the 2022 Certificate Order. The "Interests to be Taken" and the property identified on **Exhibit C** may be collectively referred to herein as the "Property to be Taken."

19. The Property to be Taken is located exclusively within the certificated Buffer Zone boundaries.

20. The Property to be Taken, consistent with Rule 71.1(c)(1) of the Federal Rules of Civil Procedure, are identified as Defendants herein.

4879-7516-4508.4

### B. USE FOR WHICH THE PROPERTY IS TO BE TAKEN

21. Northern seeks to exercise the power of eminent domain (consistent with authority granted by the NGA and the 2022 Certificate Order) and requests an Order of this Court condemning the Property To Be Taken for use by Northern as a buffer zone—a protective geographic and geologic boundary—around the Field. *See* **Exhibit A**, ¶ 1.

22. Northern's use of the Property to be Taken is in the public interest and necessity, as evidenced by the 2022 Certificate Order and, accordingly, the condemnation of the Property to be Taken is in the public interest and necessity.

### C. PERSONS HAVING AN INTEREST IN THE PROPERTY TO BE TAKEN

23. In addition to the Property to be Taken, Defendants are those individuals or entities who have or claim a right or an interest within the Property To Be Taken and whose names are known to Northern or can be found by a reasonably diligent search of the records, considering the character of and interest within the Property To Be Taken.

24. The persons known to Northern who have or claim to have an interest in the Property To Be Taken are identified, along with their addresses, in **Exhibit C** and are named as Defendants herein. The persons identified in **Exhibit C** are known to Northern as a result of a reasonably diligent search of the records, considering the character of and interest within the Property To Be Taken. Defendants identified on **Exhibit C** have received Notice as required by Federal Rule of Civil Procedure 71.1(d)(3)(A) and consistent with Federal Rule of Civil Procedure 4.

25. As a holder of a Certificate of Public Convenience and Necessity, Northern made bona fide good faith efforts to agree on the compensation to be paid for the Property To Be Taken. Despite such efforts, Northern was unable to acquire by agreement and/or unable to

otherwise agree with those persons identified in **Exhibit C** regarding the compensation to be paid for the Property To Be Taken.

26. A reasonable diligent search of the records identified certain lien holders having interests and/or rights in the Property To Be Taken. These lien holders are also identified in **Exhibit C**. Consistent with Federal Rule of Civil Procedure 71.1 and applicable law, the identified lien holders are hereby made parties to this cause of action and referred to herein as "Lien Holders."

27. Northern reserves the right to amend and/or join additional Defendants if and when additional persons owning or claiming an interest in the Property To Be Taken become known or when otherwise required to implement the containment and management plan required by the Commission.

### D. INTERESTS TO BE TAKEN

28. This action constitutes a partial taking of property from Defendants. Northern seeks <u>only</u> to acquire from Defendants the following properties, interests and/or rights within the Property to Be Taken:

    (a)     Right, title and exclusive possession of and to the Buffer Zone, *to wit* only that part of the subsurface formations lying below each Defendant parcel at a depth of not less than one thousand (1,000) feet nor more than four thousand (4,000) feet, which includes the following geologic formations:  Gower, Maquoketa Group (Fort Atkinson and Brainard) Elgin, Galena, Decorah-Platteville, Saint Peter, Prairie du Chien Group (Willow River, Root Valley and Oneota), Franconia Group, Eau Claire, and Mount Simon A (including the Lower Eau Claire), Mount Simon B, Mount Simon C, Mount Simon D, and basement rock at and below said formations (the "Buffer Zone Formations");

14

  (b) The right to retain possession, ownership, control of, and title, to the exclusion of all others, natural gas injected into the Redfield Storage Facility should such injected gas ever migrate to or within the Buffer Zone Formations underlying any Defendant parcel;

  (c) Any and all interests and rights related to or involving natural gas, gas liquids, gas condensate, and/or other hydrocarbons, minerals, and/or other gases, liquids, fluids or substances within the Buffer Zone Formations, including, but not limited to, royalty interests, overriding royalty interests, working interests, revenue interests, and leasehold interests within the Buffer Zone Formations, including any and all rights of any type or nature incident or appurtenant thereto;

  (d) The right to enjoin, shut-in, and prevent production of water, natural gas, gas liquids, gas condensate, and/or other hydrocarbons, minerals, and/or other gases, liquids, fluids or substances from the Buffer Zone Formations;

  (e) The full right and authority to lease, sublease, sell, assign, transfer, and/or convey to others, in whole or in part, or to encumber or grant a license to the same. Collectively, paragraphs 30(a) through 30(e) are referred to herein as the "Interests To Be Taken."

29. The Interests To Be Taken, are to be held by Northern and are to continue so long thereafter as:

  (a) Natural gas is being injected, stored, and/or withdrawn from the Redfield Storage Facility;

  (b) Natural gas storage operations are being conducted in connection with the Redfield Storage Facility; and/or,

15

4879-7516-4508.4

      (c)      The Commission requires Northern to maintain and/or not abandon the Redfield Storage Facility.

30. Through this condemnation proceeding Northern does not seek to acquire the liens of the Lien Holders.

31. Northern does not seek to acquire any royalty, working, revenue, overriding royalty, or other mineral interest in formations above or below the Buffer Zone Formations.

32. Northern does not seek to acquire any surface interests or rights in the Property to Be Taken.

33. Defendants or their successors, heirs, legal representatives, or assigns shall not be permitted to explore, drill, produce or operate for any natural gas, gas liquids, gas condensate, and/or other hydrocarbons, minerals, and/or other gases, liquids, fluids or substances from the Buffer Zone Formations. In addition, Defendants or their successors, heirs, legal representatives, or assigns shall not be permitted to explore, drill, produce or operate for natural gas, gas liquids, gas condensate, and/or other hydrocarbons, minerals, and/or other gases, liquids, fluids or substances in any formations below or above the Buffer Zone Formations if such activity interferes with, hinders, obstructs or otherwise impedes Northern's lawful use of the Buffer Zone Formations within the boundaries or the Redfield Storage Facility.

34. In exercising the power of eminent domain, Northern will pay the just compensation determined for acquisition of the Interests To Be Taken identified above.

## COUNT II

## DECLARATORY RELIEF

35. Northern incorporates by reference paragraphs 1 through 34 set forth above.

36. Northern seeks an Order of this Court declaring, pursuant to 28 U.S.C. § 2201, and the NGA, that the 2022 Certificate Order grants Northern the substantive right to exercise eminent domain over and condemn the Property to Be Taken, including the Interests To Be Taken as outlined in this Complaint or in the 2022 Certificate Order.

## REQUEST FOR APPOINTMENT OF A COMMISSION

37. Northern incorporates by reference paragraphs 1 through 36 set forth above.

38. This action involves the exercise of the power of eminent domain under the laws of the United States – the NGA.

39. There is no special constituted Act of Congress governing this case for trial of the issue of just compensation as described in Federal Rule of Civil Procedure 71.1(h).

40. The character, location, and quantity of the Property/Interests To Be Taken (individually and collectively) and the interest of justice require the appointment by this Court of a commission of three (3) persons as described in Federal Rule of Civil Procedure 71.1(h) to determine the issue of just compensation. Indeed, this action involves more than 50 Defendants and over 1,300 acres.

41. All issues other than the issue of just compensation should otherwise be determined by this Court as described in Federal Rule of Civil Procedure 71.1(h).

42. Determination of the just compensation to be paid, and its division among the interest owners should be bifurcated from all other issues to be determined by this Court and/or the Court's appointed three-person panel.

## PRAYER FOR RELIEF

WHEREFORE, Northern requests that the Court enter an Order:

(1)     Declaring that Northern has the substantive right of and the power of eminent domain as to the Property/Interests To Be Taken within the Buffer Zone;

(2)     Vesting Northern with full right and title to each of the "Interests to be Taken" identified above;

(3)     Declaring that the partial taking of the Property/Interests To Be Taken is necessary and/or convenient for Northern's use of the Redfield Storage Facility;

(4)     Declaring that any claims or interests of "Unknown Owners" should be subordinated to the interests and rights vested in Northern through these proceedings without receipt of any portion of the just compensation award;

(5)     Pursuant to Rule 71.1 of the Federal Rules of Civil Procedure, appointing a Commission of three (3) persons to ascertain and report to the Court the damages occasioned by the partial taking, the just compensation and the division of just compensation among the Defendants for such taking;

(6) Vesting all rights and interests in the Property/Interests To Be Taken as set forth above in Northern; and

(7)     Making and entering in this cause of action such other and further orders and decrees as may be necessary or proper.

Dated this 3rd day of August 2023.

Respectfully submitted,

NORTHERN NATURAL GAS COMPANY

By */s/ Marcus P. Zelzer*
Marcus P. Zelzer, AT0014571
Timothy J. Keane *pro hac vice forthcoming*
Kutak Rock LLP
60 South Sixth Street, Suite 3400
Minneapolis, MN 55402-4018
Phone: (612) 334-5000
Facsimile: (612) 334-5050
Marcus.Zelzer@KutakRock.com
Tim.Keane@KutakRock.com

Richard A. Olmstead *pro hac vice forthcoming*
Kutak Rock LLP
121 S. Whittier St., Suite 330
Wichita, Kansas 67207-1045
Phone:(816) 502-4669
Facsimile: (816) 960-0041
Richard.Olmstead@KutakRock.com

4879-7516-4508.4